Filed 1/23/24  A.F. v. M.R. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| A.F.,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>M.R.,<br><br>      Defendant and Appellant. | C096071<br><br>(Super. Ct. No. S-DR-0060630) |

Appellant M.R. appeals from a domestic violence restraining order (DVRO) in favor of respondent A.F.[1]  Appellant's opening brief ignores the rules governing the content and format of appellate briefs and offers little in the way of coherent argument.

---

[1]      To protect their privacy, we refer to the parties and a witness by their initials. (Cal. Rules of Court, rule 8.90(a)(1), (b)(10), (11).)  All rule references are to the California Rules of Court.

The issues M.R. raises, as we are able to discern them, are without merit. The DVRO is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

A.F. previously dated M.R. In June 2021, when M.R. introduced A.F. to another woman, L.K., and they began dating, M.R. harassed L.K. with angry telephone calls and text messages. M.R. also created a false Facebook page using A.F.'s likeness and a variation of his name, on which she posted inappropriate messages about A.F. and L.K.

On June 24, 2021, A.F. filed a petition for a DVRO against M.R., alleging that from June 19 through June 23, 2021, M.R. harassed A.F. and his family and friends with telephone calls and text messages, and M.R. impersonated A.F. on Facebook.

On June 25, 2021, the trial court issued a temporary restraining order.

On July 23, 2021, M.R. filed a response to A.F.'s petition.

On August 2, 2021, the trial court conducted a hearing on the petition. A note on the trial court's minute order stated that M.R. had called indicating she was ill and could not attend the hearing. The trial court issued a DVRO for three years, directing M.R. not to contact A.F.'s daughter or post disparaging comments on social media.

On October 4, 2021, A.F. obtained an order to show cause for contempt, alleging that M.R. violated the DVRO by posting a disparaging Yelp review.

On October 12, 2021, M.R. filed a motion to set aside the DVRO, stating she was unable to attend the August 2, 2021, hearing due to her medical conditions and a family emergency. M.R. further contended that counsel for A.F. was an attorney in A.F.'s law firm, which had previously represented M.R.

On October 25, 2021, A.F. filed a declaration in response to the motion.

On November 15, 2021, the trial court set aside the DVRO. The trial court continued the hearing on A.F.'s petition and ruled that the temporary restraining order would remain in effect.

On January 6, 2022, A.F. obtained new counsel.

2

On January 10 and 11, 2022, M.R. filed declarations with exhibits in response to A.F.'s petition.

On January 21, 2022, M.R. pleaded not guilty to the contempt charge, and a public defender was appointed to represent her. On January 21, 2022, the same day, the trial court issued an amended restraining order, adding L.K. as a protected party.

On March 15, 2022, the trial court conducted a hearing on both the order to show cause regarding contempt and the DVRO. The court first ruled in favor of M.R. on the order to show cause, finding that A.F. failed to show that M.R. had knowledge of the DVRO issued on August 2, 2021. The trial court also concluded there was insufficient evidence to prove beyond a reasonable doubt that M.R. posted the Yelp review.

The trial court then found in favor of A.F. on the DVRO. The court found that M.R. impersonated A.F. on Facebook and posted inappropriate comments about A.F. and L.K. Based on a preponderance of the evidence standard, the trial court also found it credible that M.R. posted the Yelp review.

The trial court granted a DVRO for two years from the date of the hearing, restraining and enjoining M.R. from: coming within 100 yards of A.F.'s residence or business; contacting A.F. by phone, email, text message, or social media; or impersonating A.F. on social media. The court included L.K. as a protected party under the order. The court awarded A.F. attorney's fees in the amount of $750 as the prevailing party, to be paid at the rate of $10 per month.

Defendant filed a timely notice of appeal.[2]

---

[2] The DVRO entered on March 16, 2022, was not included in the clerk's transcript. (See Rule 8.122(b)(1).) At A.F.'s request, we take judicial notice of the order attached to respondent's brief. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

3

## DISCUSSION

### I

### *Appellant's Opening Brief*

M.R.'s opening brief violates a host of court rules regarding the content and format of briefs.[3] The entire brief is single-spaced. Rule 8.204(b)(5) requires that text be "at least one-and-a-half spaced," with the exception of headings, footnotes, and block quotations. The font is smaller than the permissible minimum of 13-point. (Rule 8.204(b)(4).) Moreover, M.R.'s brief is comprised of lengthy, run-on sentences that lack proper punctuation and discuss multiple topics in a single sentence in a stream of consciousness fashion.

The table of contents and table of authorities of the opening brief are incomplete, do not reflect the text of the brief, and lack accurate page references. (Rule 8.204(a)(1)(A).) The table of authorities omits almost all of the authorities cited in the argument. (*Ibid.*)

The sections of the opening brief referred to as the "STATEMENT OF THE CASE" and "STATEMENT OF FACTS" include only sporadic citations to the appellate record, discuss irrelevant matters, and refer to purported facts outside the record, defects found throughout the brief. An opening brief must "[p]rovide a summary of significant facts *limited to matters in the record.*" (Rule 8.204(a)(2)(C), italics added.) All briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).) "Statements of fact that are not supported by references to the record are disregarded by

---

[3] M.R. filed a motion to strike her reply brief, stating that she had been rushed in preparing her reply as a result of a mistake regarding the due date. A.F. opposed. We granted the request and struck the reply brief. M.R. filed a new reply on October 10, 2023. M.R.'s reply brief exhibits all the defects of her opening brief.

the reviewing court." (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947; *Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5.) This principle extends to any portion of an appellate brief, including argument. (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8.)

Moreover, M.R.'s version of the facts is entirely one-sided. She simply ignores evidence that does not support her position. (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1530-1531 [appellant "proceeds to recite the evidence in a fashion favorable to her"; "[s]uch conduct is not to be condoned"].) Indeed, M.R.'s recounting of the facts in the statement of the case and statement of facts is essentially an argument. An appellant's attempt "merely to reargue the 'facts' as she would have them . . . . [Citations.] . . . manifests a treatment of the record that disregards the most fundamental rules of appellate review." (*Id.* at p. 1531.) "[S]uch 'factual presentation is but an attempt to reargue on appeal those factual issues decided adversely to [the appellant] at the trial level, contrary to established precepts of appellate review. As such, it is doomed to fail.' " (*Ibid.*)

Turning to the argument section of the opening brief, rule 8.204(a)(1)(B) requires all briefs to "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority . . . ." M.R. provides truncated headings for her argument regarding attorney's fees and the Facebook page with a variation of A.F.'s name, which, in the latter case, fails to inform the court of the issue and simply renders certain statutes in capital letters. "Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading." (*Pizzaro v. Reynoso* (2017) 10 Cal.App.5th 172, 179.)

Most of the argument is unintelligible and consists in the main of yet another attempt to reargue the facts. "[A] brief must contain ' "meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error" ' and contain adequate record citations, or else we will deem all points 'to

be forfeited as unsupported by "adequate factual or legal analysis." ' " (*Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 942-943.)  We need not develop legal arguments for an appellant and "may treat a point that is not supported by cogent legal argument as forfeited." (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.)

In addition, M.R. repeatedly accuses the trial judge of interfering with M.R.'s cross-examination of L.K. in order to assist A.F.  "Disparaging the trial judge is a tactic that is not taken lightly by a reviewing court.  Counsel [or a propria persona litigant] better make sure he or she has the facts right before venturing into such dangerous territory because it is contemptuous . . . to make the unsupported assertion that the judge was 'act[ing] out of bias toward a party.' " (*In re S.C.* (2006) 138 Cal.App.4th 396, 422, quoting *In re White* (2004) 121 Cal.App.4th 1453, 1478.)  In any event, M.R. forfeited any claim of judicial bias by failing to file a motion to disqualify the trial judge pursuant to Code of Civil Procedure section 170.3, or otherwise timely raising or objecting to supposed bias in the proceedings.  (See *Moulton Niguel Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1210, 1218.)

Based on these defects, this court would be justified in deeming M.R.'s contentions forfeited.  (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119; *In re S.C., supra*, 138 Cal.App.4th at p. 407.)  To be sure, we understand that this case involves emotional events and circumstances for M.R., who is representing herself.  But "[a]s a propria persona litigant, [M.R.] is entitled to the same but no greater consideration than other litigants." (*County of Sacramento v. Singh, supra*, 65 Cal.App.5th at p. 861.)  "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

Nevertheless, we will address the merits of M.R.'s claims as we understand them.

6

## II

### *Attorney's Fees*

M.R. contends the trial court abused its discretion in awarding A.F. attorney's fees. M.R. notes that A.F. did not submit an application for attorney's fees using the appropriate form. A.F. also did not check the box on the DVRO petition form requesting attorney's fees and costs.

At the close of the hearing, the trial court asked counsel for A.F. if he was requesting attorney's fees. Counsel answered in the affirmative and requested $2,000. The court asked M.R. if she wanted to be heard on the issue of attorney's fees. M.R. responded that she was unable to pay. A.F. stated his agreement to payments of $10 per month. M.R. responded that she was unable to make such payments. The court concluded that A.F. was entitled to attorney's fees because of the damage done to his business and reputation by the Yelp review and false Facebook page. However, the trial court concluded that M.R. did not have the ability to pay $2,000 and ordered attorney's fees in the amount of $750 paid at the rate of $10 per month, with an acceleration clause that the entire amount would be due if M.R. missed a payment. When the trial court said the money must be sent to A.F.'s lawyer, M.R. responded, "Okay." M.R. asked for an explanation of the acceleration clause. When the court provided it, M.R. responded, "Oh, okay. All right."

Under the Domestic Violence Prevention Act (Fam. Code, § 6200, et seq.), "[a]fter notice and a hearing, a court, upon request, shall issue an order for the payment of attorney's fees and costs of the prevailing party." (Fam. Code, § 6344, subd. (a).) "Before a court awards attorney's fees and costs pursuant to this section, the court shall first determine pursuant to Section 270 that the party ordered to pay has, or is reasonably likely to have, the ability to pay." (*Id.*, subd. (c); Fam. Code, § 270.) We review the attorney's fees award for abuse of discretion. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1509.)

7

M.R. contends that A.F. did not sustain any damage from the Yelp review, was not harassed, and admitted that his declaration in support of the petition for DVRO contained some false information. However, Family Code section 6344 requires the trial court to order attorney's fees to a prevailing petitioner on request. A.F. prevailed; therefore, he was entitled to request and receive attorney's fees that M.R. had a reasonable ability to pay.

M.R. further contends she did not understand she could object to the attorney's fees. We again disagree. The trial court asked M.R. directly if she wanted to be heard on the attorney's fees and M.R. responded regarding her inability to pay. The court reduced the award A.F. sought on that basis and carefully explained the acceleration provision to M.R.'s apparent satisfaction. Thus, M.R. forfeited the claim by failing to object to the award, amount, or terms of the attorney's fee award. " 'An appellate court will not consider procedural defects or erroneous rulings where an objection could have been, but was not, raised in the court below.' " (*Children's Hospital & Medical Center v. Bontá* (2002) 97 Cal.App.4th 740, 776; see also *In re Marriage of Schleich* (2017) 8 Cal.App.5th 267, 293; *In re Marriage of Hinman* (1997) 55 Cal.App.4th 988, 1002.)

To the extent that M.R. contends that A.F. forfeited the right to seek attorney's fees by failing to file a DVRO petition with the box for attorney's fees and costs checked or failing to file the requisite form, the argument fails. As the court in *Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160 held, such "contention fails because statutory attorney fees need not be pleaded and proved at trial and may properly be awarded after entry of judgment." (*Id.* at p. 1169.)

III

*Facebook Page*

M.R. challenges the DVRO, contending that the Facebook page was not a credible impersonation of A.F. within the meaning of Penal Code sections 528.5 or 529.

8

Family Code section 6320 allows the trial court to issue an order enjoining specified behaviors, including "credibly impersonating as described in Section 528.5 of the Penal Code, [and] falsely personating as described in Section 529 of the Penal Code." (Fam. Code, § 6320, subd. (a).)[4] Under these statutes, false personation may be enjoined by a restraining order.

M.R.'s discussion of this issue is generally off-point or unintelligible. At most what we can glean is that M.R. asserts there was insufficient evidence of false personation.

"We review an order granting or denying a DVRO for abuse of discretion. [Citation.] In reviewing the trial court's factual findings, we apply the substantial evidence rule. [Citation.] The inquiry is whether substantial evidence supports the court's finding, not whether a contrary finding might have been made. [Citation.] We accept as true all evidence tending to establish the correctness of the trial court's findings and resolve every conflict in favor of the judgment." (*M.S. v. A.S.* (2022) 76 Cal.App.5th 1139, 1143-1144.)

L.K. testified that, when she reviewed the Facebook page using a variation of A.F.'s name, she recognized photos that M.R. had taken of A.F and her, when all three were still friends, including the photo used as the profile picture. L.K. also testified that the Facebook page included an email address that combined M.R.'s married name with

---

**4** Penal Code section 528.5 provides in relevant part: "(a) Notwithstanding any other provision of law, any person who knowingly and without consent credibly impersonates another actual person through or on an Internet Web site or by other electronic means for purposes of harming, intimidating, threatening, or defrauding another person is guilty of a public offense punishable pursuant to subdivision (d). [¶] (b) For purposes of this section, an impersonation is credible if another person would reasonably believe, or did reasonably believe, that the defendant was or is the person who was impersonated. [¶] (c) For purposes of this section, 'electronic means' shall include opening an e-mail account or an account or profile on a social networking Internet Web site in another person's name."

the name of a breed of dog that M.R. owns.  The profile, since deleted, referred to attendance at a school that M.R. attended, leading L.K. to conclude that M.R. adapted the Facebook page from her own page and profile.  Based on these indications, L.K. concluded that M.R. created the page.  (*Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 517 [" 'The testimony of a single witness may provide sufficient evidence' "].)  In addition, A.F. testified that the Facebook page stated the account holder had "updated *her* cover photo" (italics added), even though A.F. is male.

We conclude the trial court's finding of false personation was supported by substantial evidence.

## DISPOSITION

The order is affirmed.  The parties are to bear their own costs on appeal. (California Rules of Court, rule 8.278(a)(5).)


_____\s\_____,
                                          Krause, J.



We concur:



_____\s\_____,
Robie, Acting P. J.



_____\s\_____,
Mauro, J.

10